UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY LAMONT HAWKINS,
and NICHOLE HAWKINS,

    Plaintiffs,

v.	Case No. 8:24-cv-00437-KKM-AAS

NATIONSTAR MORTGAGE LLC, et al.,

    Defendants.
_____

## ORDER

Defendants Nationstar Mortgage LLC and U.S. Bank National Association move to vacate default. (Doc. 23). Because Plaintiffs have not timely responded and Defendants have shown good cause to vacate the default, the motion is granted.

### I.   BACKGROUND

This action began on February 20, 2024, when Plaintiffs filed their complaint. (Doc. 1). Although Plaintiffs served Nationstar and U.S. Bank about two months later, they filed no proof of service until June 3, 2024. (Docs. 14–15). On June 10, Plaintiffs moved for an entry of clerk's default, which was granted. (Docs. 16–17, 19). The clerk entered default as to Nationstar and U.S. Bank the same day.

On June 21, Nationstar and U.S. Bank moved to vacate the default. (Doc. 23). They argue that the failure to timely answer was caused by excusable neglect. (Doc. 23) at 1–2; see also (Doc. 23-1) (discussing the series of events that led to Defendants' failure to timely answer). In short, Defendants retained counsel for this matter in late April. (Doc. 23-1) at 2. Around that time, counsel had substantial responsibility for the care of a terminally ill family member. (Doc. 23-1) at 2–3. This responsibility required counsel to travel to Tallahassee and undertake extended stays away from home. (Doc. 23-1) at 2–3. Due to error, counsel failed to file his notice of appearance and lost track of the case until June 11. (Doc. 23-1) at 2–4. Counsel asked Plaintiffs whether they opposed either a brief extension of time to respond (before the default was entered) or the forthcoming motion to vacate. (Doc. 23-1) at 3. Plaintiffs did not substantively respond, either to counsel before the motion was filed or in writing thereafter. (Doc. 23) at 5.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) states that a district court "may set aside an entry of default for good cause." The good cause standard "is not susceptible to a precise formula, but some general guidelines are commonly applied." *Savoia-McHugh v. Glass*, 95 F.4th 1337, 1342 (11th Cir. 2024) (quotations omitted). "Good cause" is determined by "(1) whether the default was culpable or willful, (2) whether the defaulting party presents a meritorious defense, and (3) whether setting the default aside would prejudice the

2

adversary." *Savoia-McHugh*, 95 F.4th at 1342. But "these factors are not talismanic" and district courts have considered others, including "whether the defaulting party acted promptly to correct the default," the public interest, and "whether there was significant financial loss to the defaulting party." *Savoia-McHugh*, 95 F.4th at 1342 & n.8.

## III.  ANALYSIS

As an initial matter, Plaintiffs fail to timely respond. Local Rule 3.1(c) states that "[a] party may respond to a motion within fourteen days after service of the motion." That time has passed, even if Plaintiffs were entitled to the longer, twenty-one-day response period for a motion to alter or amend the judgment (they were not). "If a party fails to timely respond, the motion is subject to treatment as unopposed." Local Rule 3.01(c). Thus, Defendants' motion is considered unopposed.

Nationstar and U.S. Bank have shown good cause to vacate the default. To start, Defendants' failure to timely answer was caused by excusable neglect. Counsel's mistake, though serious, does not appear to have been willful or otherwise especially culpable. Neither did Defendants delay after uncovering the mistake. Rather, counsel immediately entered a notice of appearance and then promptly moved to vacate. Defendants' motion included a proposed answer. (Doc. 23-2). Finally, it is unlikely that vacating the default against Nationstar and U.S. Bank and allowing them to defend on the merits substantially prejudices Plaintiffs. Because another defendant has appeared and timely responded, the

3

litigation will continue either way. *See* (Doc. 13) (Freedom Mortgage Corporation's pending motion to dismiss).

## IV. CONCLUSION

Nationstar and U.S. Bank have shown good cause to vacate the default. Accordingly, the motion is **GRANTED** and the defaults against Nationstar and U.S. Bank are **VACATED**. Nationstar and U.S. Bank may docket their responsive pleading. The parties must meet and file a case management report by July 23, 2024.

**ORDERED** in Tampa, Florida, on July 16, 2024.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE[*]

---

[*] Signed by Judge Steven D. Merryday to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.