**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TIMOTHY LAMONT HAWKINS,
and NICHOLE HAWKINS,

      Plaintiffs,

v.                                                                                  Case No. 8:24-cv-437-KKM-AAS

NATIONSTAR MORTGAGE LLC,
*d/b/a* RUSHMORE SERVICING,
et al.

      Defendants.

_____

## <u>ORDER</u>

Upon review of the filings, the Court notifies the plaintiffs of its intent to grant the Motion for Summary Judgment (Doc. 68) under Federal Rule of Civil Procedure 56(f)(2) and gives the plaintiffs an opportunity to respond. For reasons explained in Parts I and II of Freedom Mortgage Corporation's Motion to Dismiss, MTD (Doc. 13), and Reply, (Doc. 25), the Complaint fails to state a claim under RESPA against any defendant.

The complaint does not explicitly allege that Rushmore was the plaintiffs' loan servicer, but even if it did, the plaintiffs offer only vague and conclusory allegations that fail to meet the standards set by Rule 8(a) of the Federal Rules of Civil Procedure. *See, e.g.*, Compl. ¶¶ 36–37, 39–40. The

plaintiffs appear to ground their claims under 12 C.F.R. § 1024.35 for failure to reply to a notice of error, but they do not allege any *specific* facts to show that they sent a qualified written request to the defendants or that the defendants failed to respond as required. *See id*. ¶¶ 22, 37; MTD at 7. They do not specify when they sent the notices, to whom, or what they contained. Freedom's Motion to Dismiss and Reply notified the plaintiffs of these defects, yet they did not amend their complaint.

For the first time in response to the Motion for Summary Judgment, the plaintiffs allege that Rushmore failed to permit plaintiffs to accept a loss mitigation option in accord with 12 C.F.R. § 1024.41(k). *See* Resp. (Doc. 69) at 6–7. But courts do not accept facts and allegations "made by Plaintiff[s] for the first time in [a] response brief." *Rust v. Boswell*, No. 111CV03404JECJFK, 2012 WL 12873027, at *2 n.3 (N.D. Ga. June 20, 2012), *report and recommendation adopted*, No. 1:11-CV-3404-JEC-JFK, 2012 WL 12874582 (N.D. Ga. July 11, 2012). Even if this Court did, the plaintiffs do not allege that there was an outstanding loss mitigation *option* at the time of transfer. *See* Resp. at 7 (describing that the "loan modification had"—already—"been accepted"). Thus, even taking the facts in the complaint as true, the plaintiffs fail to state a claim upon which relief can be granted under RESPA.

Accordingly, the following is **ORDERED**:

1. The plaintiffs may respond no later than **April 14, 2026**. If the plaintiffs fail to do so, then the Court will grant the Motion for Summary Judgment (Doc. 68) and dismiss this action with prejudice.

**ORDERED** in Tampa, Florida, March 31, 2026.

Kathryn Kimball Mizelle
United States District Judge